```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


DAVID BLANTON-BEY,              §
                                §
          Plaintiff,            §
                                §
v.                              §   CIVIL ACTION NO. H-09-3697
                                §
J.W. CARRELL,                   §
HOUSTON POLICE DEPARTMENT,      §
                                §
          Defendant.            §
```

## MEMORANDUM OPINION AND ORDER

On November 16, 2009, pro se plaintiff, David Blanton-Bey, filed this action against defendant, J.W. Carrell, a Houston Police Officer, for deprivation of rights and racial profiling, in violation of 18 U.S.C. § 242 2000e-5, and for unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution (Docket Entry No. 1). Pending before the court is Defendant J.W. Carrell/Houston Police Department North Command's Rule 12(b)(4), and (5) Motion to Dismiss (Docket Entry No. 3). Because more than 120 days have passed since plaintiff filed this action, and plaintiff has not filed proof that the summons and complaint have been served upon the defendant, the pending motion to dismiss will be granted.[1]

---

[1] Although the pending motion questions whether plaintiff has attempted to sue more than one defendant, since only one summons has been issued and since the facts alleged in plaintiff's complaint complain about the actions of Officer Carrell, the court concludes that Officer Carrell is the only named defendant.

## I. Background

On November 16, 2009, plaintiff filed this action (Docket Entry No. 1), and the clerk of the court issued a summons as to J.W. Carrell.[2] On December 15, 2009, defendant filed the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) and (5) (Docket Entry No. 3). Defendant argues that plaintiff's complaint should be dismissed for insufficient process and for insufficient service of process. Plaintiff has not responded to the pending motion to dismiss. Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel." S.D.Tex.R. 7.3 (2000). Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition. Responses to motions
>
> A  Must be filed by the submission day;
>
> B  Must be written;
>
> C  Must include or be accompanied by authority; and
>
> D  Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000). In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to the defendant's motion to dismiss as a representation of no opposition to the legal arguments and factual evidence submitted by the defendant in

---

[2] See entry on the clerk's docket for November 16, 2009.

support of the pending motion. See Eversley v. MBank Dallas, 843 F.2d 172, 173-174 (5th Cir. 1988) (noting that when the nonmovant submits no response, the movant's factual allegations are properly taken as true).

## II. Analysis

The party making service has the burden of demonstrating its validity when an objection to service is made. Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992).

### A. Insufficient Process

Defendant argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(4) for insufficient process because a copy of the complaint was not served together with the summons mailed to the defendant. A copy of the served summons, certificate of service, and envelope are attached to the defendant's motion to dismiss as Exhibit 1. Federal Rule of Civil Procedure 4(c)(1) requires the summons to be served "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Since plaintiff has not responded to the defendant's motion to dismiss for insufficient process, the court accepts as true the defendant's assertion that the complaint was not served together with the summons. Accordingly, the process served upon the defendant was insufficient.

### B. Insufficient Service of Process

-3-

Defendant argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process because plaintiff personally mailed the summons to the defendant.  Federal Rule of Civil Procedure 4(c)(2) provides that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint," Fed. R. Civ. P. 4(c)(2) (emphasis added).  Various provisions under Rule 4 describe the method of service for particular defendants.  When the defendant is an individual Federal Rule of Civil Procedure 4(e)(1) allows for service according to the law of the state in which the district court is located.  Under this rule service of process on individual defendants like J.W. Carrell must comply with the Texas rules governing service.  Texas Rule of Civil Procedure 103 provides that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, "[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit."  Tex. R. Civ. P. 103 (emphasis added).

The certificate of service that defendant asserts was attached to the summons that he received by certified mail is signed by the plaintiff and states, "I hereby certify that on this the 17[th] day of November 2009, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in

-4-

accordance with the Federal Rules of Civil Procedure."[3]  Plaintiff is a party to this action.  Neither the federal nor the state rules of civil procedure allow a party to serve process.  See Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103.  Accordingly, plaintiff's attempt to serve the defendant was ineffective.  Florance v. Buchmeyer, 500 F.Supp.2d 618, 632-33 (N.D. Tex. 2007).

**C.   Conclusions**

Federal Rule of Civil Procedure 4(m) allows district courts to dismiss complaints upon motion if proper service is not effected within 120 days of the complaint's filing.  When failure of effective service of process is caused by the dilatoriness or fault of the plaintiff, relief from a dismissal for insufficiency of service of process should be denied.  Lindsay v. United States Railroad Retirement Board, 101 F.3d 444, 447 (5th Cir. 1996).

### III.   Conclusions and Order

Because more than 120 days have passed since plaintiff filed this action, and plaintiff has not filed proof that summons and complaint have been properly served upon the defendant, and plaintiff has not responded to defendant's motion to dismiss for insufficient process and insufficient service of process, the court concludes that the pending motion to dismiss should be granted.

---

[3]Certificate of Service included in Exhibit 1 attached to Defendant J.W. Carrell/Houston Police Department North Command's Rule 12(b)(4), and (5) Motion to Dismiss, Docket Entry No. 3.

Accordingly, Defendant J.W. Carrell/Houston Police Department North Command's Rule 12(b)(4), and (5) Motion to Dismiss (Docket Entry No. 3) is **GRANTED**, and this action will be dismissed without prejudice.

    **SIGNED** at Houston, Texas, on this the 26th day of March, 2010.

                                              SIM LAKE
                                  UNITED STATES DISTRICT JUDGE